**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-1771
(consolidated with No. 1:23-cv-1874)

GS HOLISTIC, LLC,

Plaintiff,

v.

MYXED UP CREATIONS II, LLC d/b/a MYXED UP CREATIONS, MYXED UP CREATIONS IV, HOLLIE KELLOGG and PHILIP GUERIN,

Defendants.

---

# MOTION TO DISMISS SECOND AMENDED COMPLAINT

---

Defendants, MYXED UP CREATIONS II, LLC d/b/a MYXED UP CREATIONS, MYXED UP CREATIONS IV, HOLLIE KELLOGG and PHILIP GUERIN, (collectively "Defendants"), by and through their undersigned counsel, hereby file this Motion to Dismiss the Second Amended Complaint for Injunctive Relief and Damages ("Second Amended Complaint") filed by Plaintiff, GS HOLISTIC, LLC ("GS") on December 14, 2023. ECF 38.

## I. CLAIMS AGAINST HOLLIE KELLOGG AND PHILIP GUERIN

Despite being on their "Second Amended Complaint" and being over two years into this lawsuit, Plaintiff's operative pleading clearly still fails to state a claim against either Hollie Kellogg or Philip Guerin. Under *Twombly* and *Iqbal* a complaint must on its face present enough to support a cause of action as being not just possible, but instead plausible. There are no such facts averred in the operative complaint. Indeed, all that

appears to have been alleged is that Mr. Guerin and Ms. Kellogg are "owners."[1] in this matter. Indeed, after being identified as an "owner" in the preamble (ECF 38 at 1) and then including a statement that Ms. Kellogg lives in Colorado (ECF 38 at 2), **Ms. Kellog's name is never again mentioned in the Second Amended Complaint.** It is not averred that she personally did *anything* or personally took any action to engage in counterfeiting. *See* ECF 38, generally. The same is true for Mr. Guerin. Other than the preamble and the claim of residence, there are simply no facts pleaded that he personally participated in anything that would give rise to his personal liability.

Rather than facts, the Second Amended Complaint contains boilerplate statements such as:

> The OWNERS authorized, directed, and/or participated in MYXED UP CREATIONS's offer for sale, in commerce, of the Counterfeit Goods. The OWNERS' acts were a moving, active, and conscious force behind MYXED UP CREATIONS's infringement of the Stündenglass Trademarks.
>
> The unauthorized offering for sale by MYXED UP CREATIONS, under the authority, direction and/or participation of the OWNERS, of the Counterfeit Goods was an unlawful act in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

ECF 38 at ¶¶ 36, 38. The law, however, is clear that such boilerplate averments do not satisfy the pleading requirements of *Twombly.* To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible

[1] A statement which is completely incorrect with respect to Ms. Kellogg who has never had any ownership interest in any of the named entities.

claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must accept the well-pled allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true. *Iqbal*, 556 U.S. at 681.

Here, no facts, only conclusory allegations, are lodged against Mr. Guerin and Ms. Kellogg. That is plainly insufficient to support the claims against them. Indeed, for either of them to be liable, Plaintiff must show that they "actively and knowingly caused the infringement, he is personally liable." *See Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477–78 (11th Cir. 1991) (citing *Wilden Pump & Eng'g Co. v. Pressed & Welded Prods. Co.,* 655 F.2d 984, 990 (9th Cir.1981) (in analogous patent infringement context, individual will be liable if he is "moving, active, conscious force" behind infringement).) Yet, there is **not a single sentence in the Second Amended Complaint about what either of them said, did, or knew at any time.** Instead, the individuals are merely tacked on—as though an afterthought—to the allegations against the Corporate Entities. The claims against them must be dismissed and, having already had two bites at the apple, Plaintiff should not be permitted a third amended complaint.

## II. DISMISSAL OF ALL DEFENDANTS

In its Second Amended Complaint, GS alleges it is "one of the leading companies in the industry, known for high quality and innovation of products" and that "GS has worked to distinguish the Stündenglass brand as the premier manufacturer of glass infusers by emphasizing the brand's unwavering use of quality materials and focusing on scientific principles which facilitate a superior smoking experience" generating "significant

following and appreciation amongst consumers in the United States and internationally." [Second Amended Complaint, ¶¶ 9 and 10.] What GS does not reveal, however, is the actual "industry" in which it is a "leading company," what a "glass infuser" is, or what the class of "consumers" is in which it has generated a following. Likewise omitted from the Complaint are any images of the alleged product sold under the Stündenglass Trademarks or any images of any allegedly infringing product.

This is all intentional. GS sells a "gravity bong" to cannabis users which, as shown below, it is a "grown up way to get wrecked":

**This $500 gravity bong is a grown-up way to get wrecked**

The water bong gets an adult upgrade.

By Brian Koerber on July 31, 2021



A couple takes some bong rips from their gravity bong. Credit: Stündenglass

The term "gravity bong" can be a bit of a dirty word in the cannabis world. No more with the Stündenglass Gravity Hookah.

https://mashable.com/article/stundenglass-gravity-bong-review (last visited Aug. 29, 2023).[2]

While Defendants have no issues with the use or sale of cannabis, the Federal Government and the United States Patent and Trademark Office do. Citing to section 863(a) of the Controlled Substances Act (21 U.S.C. § 863(a)), the United States Trademark office routinely rejects trademark applications which relate to "any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under [the CSA]." *Id.* The CSA identifies marijuana and marijuana-based preparations as controlled substances that are unlawful to possess. 21 U.S.C. § 812(a) & (c). The CSA also gives examples of prohibited drug paraphernalia which include, *inter alia*, water pipes and bongs. *Id.* As such, gravity bongs, water bongs and similar drug paraphernalia are simply not eligible for federal trademark protection and federal trademarks concerning such products are routinely rejected by the United States Patent and Trademark Office. *See e.g., In Re Nat'l Concessions Grp., Inc.,* No. 87168058, 2023 WL 3244416, at *9 (May 3, 2023) (rejecting "essential oil dispenser" as prohibited drug paraphernalia); *In Re Canopy Growth Corp. by Assignment from Jj206, LLC*, No. 86475885, 2019 WL 3297396, at *1 (July 16, 2019) (rejecting "smokeless

[2] In a Rule 12 Motion, the Court may consider information "integral to Plaintiffs' claims, even if those documents fall technically outside the pleadings." *In re Oppenheimer Rochester Funds Grp. Sec. Litig*., 838 F. Supp. 2d 1148, 1156 (D. Colo. 2012); citing *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir.2006) (*citing Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir.1994)) (the court may review material submitted as an exhibit to or incorporated or referenced in the complaint in addition to documents relied upon by plaintiff as an integral basis for his claims)). Here, Plaintiff certainly "references" its product and alleged use of its trademarks and the Court is allowed to understand those details in determining whether Plaintiff has plausibly stated a claim.

cannabis vaporizing apparatus" as prohibited drug paraphernalia); *In Re Jj206, LLC, DBA Juju Joints*, 120 U.S.P.Q.2d 1568 (T.T.A.B. 2016) (same); *In Re Ultra Trimmer, L.L.C.*, No. 86479070, 2016 WL 7385764, at *1 (Nov. 29, 2016) (refusing to register "Ultra Trimmer" for "agricultural machine" where it was clear machine was marketed for trimming marijuana buds).

Plaintiff's gravity bong is no different and its registration with the Trademark Office appears to have been achieved through fraud. Instead of informing the Trademark Office that it was selling a product known to be illegal under the Controlled Substances Act and not federally registerable, Plaintiff sought registration anyway. Plaintiff in one case achieved registration by alleging its bong was a "device[] used to smoke foods and drinks" rather than cannabis. *See* U.S. Trademark Reg. No. 6,633,884.

While Plaintiff may have been able to slip its registration through the Patent and Trademark Office, these facts doom its current claim for counterfeiting (*See* Dkt. 1 at Count I), and Defendants respectfully ask that the Count be dismissed. (Or, in the alternative, for a more definitive statement under Rule 12(e).) To state a claim for counterfeiting under the Lanham Act, a plaintiff must plausibly plead: (1) lawful use in commerce by the Plaintiff, and (2) that the defendant is using the mark on an identical class of goods to which the mark was registered. Here, Plaintiff alleges that Defendants' sale of gravity bongs infringes Plaintiff's trademark. [Dkt. 38 at 6.] The implication of that is *either*: (1) an admission by Plaintiff that its own use of the trademark is in connection with gravity bongs—and, thus, not federally protectable; or (2) an assertion by Plaintiff that its marks are properly federally registered and *do not* cover gravity bongs—thus defeating any argument that Plaintiff and Defendants are using the alleged trademark on the same class of goods. Plaintiff cannot have it both ways, and its claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a claim for which relief can be

granted.

## III. ARGUMENT

### A. Claim for Counterfeiting Should be Dismissed

Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss Count I of the Second Amended Complaint for Federal Trademark Counterfeiting and Infringement under 15 U.S.C. § 1114. Plaintiff has failed to state a claim for counterfeiting under the Lanham Act for two reasons: *first*, to state a claim for counterfeiting, Plaintiff must be lawfully using the registered trademark in commerce; and, *second*, the defendant has to be purportedly using the marks on goods in the same class as what has been registered. Plaintiff cannot, and has not, plausibly pleaded both requirements.

The trademarks at issue in this case are the following:

| Registration No. | Mark | Class of Goods |
|---|---|---|
| 6,633,884 | Stündenglass | Class 11: "Devices used to smoke foods and drinks, namely, clearomizers, vaporizers, cartomizers, atomizers, and heating elements that create vapor and smoke from oils and smoke fuels that are then water filtered in a gravity water filter that are then directed via an opening to infuse the vapor and smoke into foods and drinks."<br>Class 21: "Food and beverage infusers." |
| 6,174,292 | | "Gravity water pipes for smoking purposes." |
| 6,174,291 | Stündenglass | "Gravity water pipes for smoking purposes." |

[Second Amended Complaint, ¶ 12.]

To state a claim for counterfeiting, the statute requires that the mark be ***lawfully*** "in use" by Plaintiff. 15 U.S.C. § 1116; *See United Phosphorus, Ltd. v. Midland Fumigant, Inc*., 205 F.3d 1219, 1225 (10th Cir. 2000) (citing 15 U.S.C. § 1127; *Gray v. Daffy Dan's Bargaintown*, 823 F.2d 522, 526 (Fed.Cir.1987); *The Clorox Co. v. Armour–Dial, Inc*., 214 U.S.P.Q. 850, 851 (1982) (" 'use in commerce' means a 'lawful use in commerce' ").") The trademark being asserted must be one that is registered "in the United States Patent and Trademark Office ***for such goods or services sold***, offered for sale, or distributed." 15 U.S.C.A. § 1116 (West) (emphasis added). That is, for a claim for counterfeiting, "Section 1116(d) requires that the mark in question be (1) a non-genuine mark identical to the registered, genuine mark of another, where (2) the genuine mark was registered for use on the same goods to which the infringer applied the mark…." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc*., 658 F.3d 936, 946 (9th Cir. 2011).

**1. Plaintiff has not plausibly pleaded it is using the asserted marks lawfully in commerce.**

The USPTO and the Tenth Circuit have held that the "use in commerce" must be a lawful use. *See, e.g., United Phosphorus, Ltd. v. Midland Fumigant, Inc*., 205 F.3d 1219, 1225 (10th Cir. 2000); *In re Morgan Brown*, 119 U.S.P.Q. 2d 1350 (T.T.A.B. July 14, 2016) ("We have consistently held that, to qualify for a federal service mark registration, the use of a mark in commerce must be 'lawful' .... Thus, any goods or services for which the mark is used must not be illegal under federal law."). The Ninth Circuit, adopting the same rule, explained that "to hold otherwise would be to put the government in the 'anomalous position' of extending the benefits of trademark protection to a seller based upon actions the seller took in violation of that government's own laws." *CreAgri, Inc. v. USANA Health Sciences, Inc*., 474 F.3d 626 (9th Cir. 2007).

Gravity bongs, water bongs and similar drug paraphernalia are simply not eligible

for federal trademark protection and federal trademarks concerning such products are routinely rejected by the United States Patent and Trademark Office. *See e.g., In Re Nat'l Concessions Grp., Inc.,* No. 87168058, 2023 WL 3244416, at *9 (May 3, 2023) (rejecting "essential oil dispenser" as prohibited drug paraphernalia); *In Re Canopy Growth Corp. by Assignment from Jj206, LLC*, No. 86475885, 2019 WL 3297396, at *1 (July 16, 2019) (rejecting "smokeless cannabis vaporizing apparatus" as prohibited drug paraphernalia); *In Re Jj206, LLC, DBA Juju Joints*, 120 U.S.P.Q.2d 1568 (T.T.A.B. 2016) (same); *In Re Ultra Trimmer, L.L.C*., No. 86479070, 2016 WL 7385764, at *1 (Nov. 29, 2016) (refusing to register "Ultra Trimmer" for "agricultural machine" where it was clear machine was marketed for trimming marijuana buds).

In this case, Plaintiff has failed to plead that its use of a trademark in connection with its gravity bong is legal under federal law. Indeed, quick research into Plaintiff's product reveals numerous websites and articles which all make clear that Plaintiff is in the business of selling drug paraphernalia which is ineligible for trademark registration as being illegal under the CSA:

- "This $500 gravity bong is a grown-up way to get wrecked" available at: https://mashable.com/article/stundenglass-gravity-bong-review (last visited Aug. 29, 2023);
- "Buy Our (and Seth Rogen's) Favorite Gravity Bong and Save 46% - The Most We've Ever Seen" available at: https://www.gearpatrol.com/deals/a39650818/stundenglass-gravity-infuser-deal/ (last visited Aug. 29, 2023); .
- "A Portable Studenglass Gravity Bong: Meet the Kompact", available at: https://herb.co/learn/a-portable-stundenglass-gravity-bong-meet-the-kompact (last visited Aug. 29, 2023);
- "Today's Best Deals: The Stundenglass Gravity Bong on Sale, a GoRuck Deal & More" available at: https://www.gearpatrol.com/deals/deals-of-note/g43647423/deals-of-note-april-19-2023/ (last visited Aug. 29, 2023)

Because Plaintiff's product is illegal under CSA, it is not lawfully being used in commerce under the Lanham Act, and it cannot have federal trademark protection, which is a prerequisite to bringing a claim for counterfeiting under the Lanham Act. For these reasons the Counterfeiting claim should be dismissed.

**2. Alternatively, Plaintiff has not plausibly pleaded Defendants are using the mark on identical good and services.**

Assuming, *arguendo*, that Plaintiff argues that it is not using its trademark on marijuana paraphernalia covered by the CSA—i.e., on gravity bongs—but, instead, only in connection with products not covered by the CSA, Plaintiff's Counterfeiting claim must still be dismissed. To state a claim for counterfeiting, Plaintiff must prove its marks are "registered in the same class of goods" as the "complained of" use by Defendants. 15 U.S.C. § 1116. Here, Myxed Up *is* selling gravity bongs for use with ingesting marijuana.[3] If Plaintiff alleges its use is anything other than that or on different goods, then Plaintiff has failed to plausibly allege that its "counterfeited" goods are "registered in the same class of goods" as the "complained of" use by Defendants. *See* 15 U.S.C. § 1116(d). Under this alternative, Plaintiff's counterfeiting claim should also be dismissed.

**B. Alternatively, Defendants Request the Court Order Plaintiff to Provide a More Definite Statement of Its Claims**

In the event the Court is not inclined to grant Defendants' request under Fed. R. Civ. P. 12(b)(6) above, Defendants respectfully request that, pursuant to Fed. R. Civ. P. 12(e), the Court order Plaintiff to provide more detail as to its allegations of what the alleged counterfeiting activity actually consists of, namely, to order Plaintiff to:

[3] This is in compliance with the CSA because 21 U.S.C. § 863(f)(1) expressly states that Section 863 does not apply to "any person authorized by local, State or Federal law to manufacture, possess, or distribute such items." Defendants are so authorized under Colorado state law.

- Provide an image and description of the product alleged to be counterfeited;
- Provide an image and description of the alleged counterfeit product;
- Provide information as to how Plaintiff knows that the alleged counterfeit product is not a genuine product;
- State what that alleged counterfeited product is, and the class of goods to which it belongs;
- State what that alleged counterfeit product is, and the class of goods to which it belongs;
- State whether the alleged counterfeited product is in any way promoted or marketed by Plaintiff or by its affiliated distributors as being used with marijuana;
- State whether the alleged counterfeited product is legal under the CSA;
- State whether Plaintiffs sell their products in interstate commerce and/or nationally.

Such a request is proper under Rule 12(e) because it is Rule 12(e) may be used to seek certain information that may be necessary for the defense to 'reasonably prepare' its response, including specifics 'that could support a dispositive defense motion.'" *DeLumeau v. Pfizer Inc*., No. 1:20-CV-2469-DDD-STV, 2021 WL 5086381, at *1 (D. Colo. Jan. 11, 2021) (*citing Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010).) In this case, the requested information could support a dispositive defense motion as articulated above.

## IV. <u>CONCLUSION</u>

Defendants respectfully request that the Court dismiss Claim I under Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement to clarify what is being alleged in the Second Amended Complaint.

Dated: February 25, 2023

Respectfully submitted,

*/s/ Isaac S. Crum*

Isaac S. Crum
Messner Reeves LLP
7250 N. 16th Street, Suite 410
Phoenix, AZ 85020
602.641.5059
icrum@messner.com