**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:23-cv-01539-RMR-NRN (consolidated with Civil Action Nos. 1:23-cv-01757-RMR-NRN and 1:23-cv-01540-RMR-NRN)

GS HOLISTIC LLC,
Plaintiff,
v.
ROCKY MOUNTAIN ECIGS LLC,
KEITH PETTERSEN,
Defendants.

Civil Action No. 1:23-cv-01771-RMR-NRN (consolidated with Civil Action No. 1:23-cv-01874-RMR-NRN)

GS HOLISTIC LLC,
Plaintiff,
v.
MYXED UP CREATIONS I, LLC,
HOLLIE KELLOG,
PHILLIP GUERIN,
Defendants.

Civil Action No. 1:23-cv-01930-RMR-NRN

GS HOLISTIC LLC,
Plaintiff,
v.
ALPHASTAR VAPES LTD,
JIMMY O. VARGAS,
Defendants.

Civil Action No. 1:23-cv-01931-RMR-NRN

GS HOLISTIC LLC,
Plaintiff,
v.
GREEN PIECE LLC,
ETHAN J. RAPPENECKER,
Defendants.

## SCHEDULING ORDER

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference was held Wednesday, March 4, 2026.

For Plaintiff GS Holistic: Eddy Leal from Eddy Leal, PA, 777 Brickell Avenue, Suite 500, Miami, FL 33131, telephone: 305-979-3900, el@leallegal.com.

For Defendants Rocky Mountain Ecigs and Keith Pettersen: Jennifer McCallum from The McCallum Law Firm PC, 685 Briggs Street, Erie, CO 80516, telephone: 303-828-0655, mail@mccallumlaw.net.

For Defendants Myxed Up Creations I, LLC, Hollie Kellogg, Myxed Up Creations II, LLC, Philip Guerin: Isaac S. Crum Messner from Reeves LLP, 7250 North 16th Street Suite 410 Phoenix, AZ 85020.

For Defendants Alphastar Vapes Ltd, and Jimmy O. Vargas: Jennifer M. McCallum from The McCallum Law Firm, 685 Briggs Street, P.O. Box 929, Erie, CO 80516.

For Defendants Green Piece LLC, and Ethan J. Rappenecker: Kyle Hosmer at Belzer Law Firm at 737 29th Street Suite 100A, Boulder, CO 80303.

### 2. STATEMENT OF JURISDICTION

This Court has federal question jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121 for claims under the Lanham Act, 15U.S.C. §§ 1114 and 1125(a). Plaintiff alleges claims for trademark infringement, counterfeiting, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq. Venue and personal jurisdiction are predicated on Defendants' residence and conduct within this District. Plaintiff pleads venue is proper under 28 U.S.C. § 1391(b)

because Defendants reside in this District and the cause of action occurred here. The Parties agree the Court has subject matter jurisdiction, personal jurisdiction, and venue is proper.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff

Plaintiff GS Holistic, LLC asserts claims for: (1) trademark counterfeiting and infringement under 15 U.S.C. § 1114 based on Defendants' offering for sale of counterfeit Stündenglass-branded Gravity Infusers bearing spurious marks identical or substantially indistinguishable from Plaintiff's registered marks; and (2) false designation of origin and unfair competition under 15 U.S.C. § 1125(a). Plaintiff alleges ownership of U.S. Trademark Registration Nos. 6,633,884; 6,174,292; and 6,174,291 for the Stündenglass marks, which are valid, subsisting, and in full force and effect. Plaintiff alleges Defendants offered for sale and sold counterfeit Gravity Infusers displaying the Stündenglass trademarks at three Colorado retail locations. Plaintiff alleges willful infringement causing irreparable harm and seeks injunctive relief, damages, profits, statutory damages, and costs as authorized by the Lanham Act. Plaintiff pleads willful conduct intended to trade on goodwill, cause confusion, and divert sales, and asserts entitlement to injunctive and monetary relief under 15 U.S.C. §§ 1116 and 1117.

### b. Defendants Rocky Mountain Ecigs and Keith Pettersen (Case No. 1:23-cv-01539)

Defendants deny that they engaged in trademark counterfeiting or infringement and deny that Plaintiff is entitled to any of the relief sought. Defendant Rocky Mountain Ecigs LLC has denied all material allegations of the Amended Complaint and intends to assert affirmative defenses. Defendant Keith Pettersen denies individual liability, as the

Amended Complaint fails to allege specific facts establishing his personal participation in, direction of, or actual knowledge of the alleged infringing conduct, and individual Lanham Act liability cannot rest solely on officer or owner status.

Defendants assert the following affirmative defenses: (1) non-infringement, as all products were purchased through standard wholesale distribution channels without knowledge of any alleged counterfeit nature; (2) innocent infringement, as any infringement, if it occurred at all, was not willful or deliberate, and Defendants had no actual knowledge or reasonable means to discover that the products were counterfeit; (3) invalidity and unenforceability of one or more of Plaintiff's asserted trademark registrations based on discrepancies between specimens submitted to the USPTO and Plaintiff's current authentication claims; (4) failure to mitigate, as Plaintiff sent no pre-suit notice or cease and desist letter to Defendants prior to filing suit; (5) unclean hands, based on Plaintiff's pattern of filing approximately 950 nearly identical lawsuits against small retail businesses without adequate pre-suit investigation; (6) laches, waiver, acquiescence, and estoppel; (7) no willfulness and therefore no entitlement to enhanced statutory damages, treble damages, or attorney's fees; and (8) the first sale doctrine and trademark exhaustion to the extent any products entered commerce through prior authorized sales.

**c. Defendants Myxed Up Creations I, LLC, Holie Kellogg, Myxed Up Creations II, LLC, Philip Guerin (Case No. 1:23-cv-01771)**

Defendants deny that Plaintiff has stated a case for which relief can be granted. Defendants assert that Plaintiff has failed to adequately plead any claims against Hollie Kellogg or Philip Guerin. Defendants deny they have sold any infringing or counterfeit goods. Plaintiff's claims are barred under the doctrine of unclean hands or misuse, since

the registration of the marks were fraudulent due to fraud in obtaining the asserted trademarks, including fraud in identifying the user of the marks, the class of goods the marks would be used on, and the illegality of the goods. Plaintiffs' claims are barred as they are an unlawful use of the mark in violation of federal law. Plaintiffs' claims are further barred under the first sale doctrine and Defendants' status as an innocent reseller of products it believes to be genuine. Defendants' claim that the asserted trademarks should be cancelled due to fraud in obtaining the asserted trademarks, including fraud in identifying the user of the marks, the class of goods the marks would be use on, and the illegality of the goods. Defendants assert that given the actions of Plaintiff, the Court should not award any damages even if Plaintiff is successful in its claims. Defendants also seek to recover their attorneys' fees.

**d. Defendants Alphastar Vapes Ltd, and Jimmy O. Vargas (Case No. 1:23-cv-01930)**

Defendants deny that they engaged in trademark counterfeiting or infringement and deny that Plaintiff is entitled to any of the relief sought. Defendant Alphastar Vapes Ltd has filed an Answer and Affirmative Defenses denying all material allegations of the Amended Complaint. Defendant Jimmy O. Vargas has filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Amended Complaint fails to allege any specific facts establishing his personal participation in, direction of, or actual knowledge of the alleged infringing conduct, and that individual liability cannot be premised solely on his status as an LLC owner.

Defendant Alphastar Vapes asserts the following affirmative defenses: (1) non-infringement, as the product was purchased through standard wholesale distribution channels without knowledge of any alleged counterfeit nature; (2) innocent infringement,

as any infringement, if it occurred at all, was not willful or deliberate — the product was sold at $613.24, above Plaintiff's stated authentic retail price of $599.95, negating any inference of knowing counterfeiting; (3) invalidity and unenforceability of one or more of Plaintiff's asserted trademark registrations based on discrepancies between specimens submitted to the USPTO and Plaintiff's current authentication claims; (4) failure to mitigate, as Plaintiff sent no pre-suit notice or cease and desist letter; (5) unclean hands, based on Plaintiff's pattern of filing approximately 950 nearly identical lawsuits against small retail businesses without adequate pre-suit investigation; (6) laches, waiver, acquiescence, and estoppel; (7) no willfulness and therefore no entitlement to enhanced statutory damages, treble damages, or attorney's fees; and (8) the first sale doctrine and trademark exhaustion to the extent the product entered commerce through a prior authorized sale.

**e. Defendants Green Piece LLC, and Ethan J. Rappenecker (Case No. 23-cv-01931)**

Defendants do not have enough information from the Amended Complaint to anticipate all their defenses with accuracy. However, Defendants deny that they acted willfully or with any level of intent. As such, even if Defendants did sell a counterfeit product, Plaintiff is entitled only to minimal damages, if any. Defendants similarly intend to contest Plaintiff's entitlement to treble or statutory damages in this matter. Defendants further intend to investigate whether the product at issue is actually counterfeit. Defendants further intend to assert equitable defenses to Plaintiff's claims.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. This action is pending in the United States District Court for the District of

Colorado as Case No. 1:23-cv-01539-RMR-NRN, consolidated with Case Nos. 23-cv-01757-RMR-NRN and 1:23-cv-01540-RMR-NRN; Case No. 1:23-cv-01771-RMR-NRN, consolidated with Civil Action No. 1:23-cv-01874-RMR-NRN; Civil Action No. 1:23-cv-01930-RMR-NRN and Civil Action No. 1:23-cv-01931-RMR-NRN.

2. Plaintiff GS Holistic, LLC is the owner of registered Stündenglass trademarks identified in U.S. Registration Nos. 6,633,884; 6,174,292; and 6,174,291.

3. The gravity infusers which are the subject of the above styled lawsuit were not purchased directly from Plaintiff GS Holistic.

4. The allegedly counterfeit gravity infusers which were offered for sale by the Defendants and sold to an investigator are the subject of the above-styled lawsuit.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

Plaintiff seeks an award of statutory damages against Defendants for the use of counterfeit marks in connection with the sale, offering for sale, distribution, and/or advertising of goods, pursuant to 15 U.S.C. § 1117(c) of the Lanham Act.

At this time, Plaintiff elects to recover statutory damages in lieu of actual damages and Defendants' profits. Under 15 U.S.C. § 1117(c), Plaintiff seeks: Up to $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, or up to $2,000,000 per counterfeit mark per type of goods on a finding that Defendants' counterfeiting was willful.

The precise number of counterfeit marks and categories of goods is the subject of ongoing discovery. Accordingly, Plaintiff cannot yet fully calculate the total statutory damages sought but presently estimates that statutory damages will be sought in an amount up to the maximum permitted by statute, subject to proof at trial.

The Plaintiff reserves the right to amend these anticipated damages and/or provide documentation to support this claim based on responses to discovery.

**b. Defendants Rocky Mountain Ecigs and Keith Pettersen (Case No. 1:23-cv-01539)**

Defendants dispute Plaintiff's computation of damages and deny that Plaintiff is entitled to statutory damages, treble damages, or attorney's fees. Defendants did not act willfully or with deliberate intent to infringe, and any damages should be limited to actual damages, which Defendants contend are minimal or nonexistent. All products were purchased through standard wholesale distribution channels without knowledge of any alleged counterfeit nature, and Plaintiff provided no pre-suit notice that would have allowed Defendants to investigate and remedy any concern. To the extent any damages are awarded, Defendants contend they should reflect only actual, provable losses directly attributable to the specific transactions at issue, and that this is not an exceptional case warranting attorney's fees in Plaintiff's favor. Defendants reserve the right to seek their own attorney's fees and costs under 15 U.S.C. § 1117(a) on the grounds that Plaintiff's mass-filing litigation strategy constitutes an exceptional case.

**c. Defendants Myxed Up Creations I, LLC, Holie Kellogg, Myxed Up Creations II, LLC, Philip Guerin (Case No. 1:23-cv-01771)**

Defendants seek attorney's fees.

**d. Defendants Alphastar Vapes Ltd, and Jimmy O. Vargas (Case No. 1:23-cv-01930)**

Defendants dispute Plaintiff's computation of damages and deny that Plaintiff is entitled to statutory damages, treble damages, or attorney's fees. Defendants did not act willfully or with deliberate intent to infringe, and any damages should be limited to actual damages, which Defendants contend are minimal or nonexistent. All products were

purchased through standard wholesale distribution channels without knowledge of any alleged counterfeit nature, and Plaintiff provided no pre-suit notice that would have allowed Defendants to investigate and remedy any concern. To the extent any damages are awarded, Defendants contend they should reflect only actual, provable losses directly attributable to the specific transactions at issue, and that this is not an exceptional case warranting attorney's fees in Plaintiff's favor. Defendants reserve the right to seek their own attorney's fees and costs under 15 U.S.C. § 1117(a) on the grounds that Plaintiff's mass-filing litigation strategy constitutes an exceptional case.

**e. Defendants Green Piece LLC, and Ethan J. Rappenecker (Case No. 23-cv-01931)**

Defendants deny that Plaintiff is entitled to damages. Defendants further deny that Plaintiff is entitled to damages for willful conduct. Defendants further object to Plaintiff seeking more than $200,000 per mark: Plaintiff identified only this amount as damages sought in response to the Court's questioning, in its initial disclosures, and in every communication about this matter since 2023Defendants seek attorney's fees.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on:

- February 20, 2026 in Case No. 1:23-cv-1539-RMR-NRN.
- February 23, 2026 in Case No. 1:23-cv-1771-RMR-NRN.
- February 20, 2026 in Case No. 1:23-cv-1930-RMR-NRN.
- February 16, 2026 in Case No. 1:23-cv-1931-RMR-NRN.

**b. Names of each participant and party he/she represented.**

For Plaintiff GS Holistic: Eddy Leal from Eddy Leal, PA, 777 Brickell Avenue, Suite

500, Miami, FL 33131, telephone: 305-979-3900, el@leallegal.com.

For Defendants Rocky Mountain Ecigs and Keith Pettersen: Jennifer McCallum from The McCallum Law Firm PC, 685 Briggs Street, Erie, CO 80516, telephone: 303-828-0655, mail@mccallumlaw.net.

For Defendants Myxed Up Creations I, LLC, Holie Kellogg, Myxed Up Creations II, LLC, Philip Guerin: Isaac S. Crum Messner from Reeves LLP, 7250 North 16th Street Suite 410 Phoenix, AZ 85020.

For Defendants Alphastar Vapes Ltd, and Jimmy O. Vargas: Jennifer M. McCallum from The McCallum Law Firm, 685 Briggs Street, P.O. Box 929, Erie, CO 80516.

For Defendants Green Piece LLC, and Ethan J. Rappenecker: Kyle Hosmer at Belzer Law Firm at 737 29th Street Suite 100A, Boulder, CO 80303.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

In accordance with this Court's order, Plaintiff filed its Rule 26(a)(1) initial disclosures on February 4, 2026, and Defendants shall make their Rule 26(a)(1) initial disclosures on or before February 25, 2026.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Plaintiff filed an Amended Rule 26(a)(1) initial disclosure prior to scheduling conference to be held on March 4, 2026.

**e. Statement concerning any agreements to conduct informal discovery.**

The Parties represent that they are discussing the informal exchange of certain information and documents in an effort to facilitate the efficient progression of the case. If all Parties agree to participate in this informal process, the following materials shall be exchanged without the necessity of formal discovery requests. For example, Plaintiff shall provide a copy of its investigation report related to the claims at issue in this action, and

Defendant shall provide copies of the invoices relevant to the allegations and damages claimed in this action. Participation in this informal exchange shall not constitute a waiver of any objections, privileges, or rights, and shall not limit the scope of discovery that may be sought in formal discovery.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

Depositions of out-of-state witnesses may proceed remotely by videoconference to reduce costs.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Parties do not anticipate that discovery will involve extensive electronically stored information.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties have conferred regarding the possibility of promptly settling or otherwise resolving this matter. The Parties agree that they will embark upon good-faith settlement discussions and explore potential avenues for early resolution of the case.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None. No more than 25 written interrogatories per Rule 33(a)(1).

**b. Limitations which any party proposes on the length of depositions.**

None. A maximum of 7 hours should be sufficient per Rule 30(d)(1).

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

No more than 25 requests for production and requests for admission.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

June 1, 2026.

**e. Other Planning or Discovery Orders**

Depending on the discovery sought, Plaintiff anticipates a protective order.

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

April 30, 2026

**b. Discovery Cutoff:**

August 15, 2026

**c. Dispositive Motion Notice Deadline:**

August 25, 2026

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff anticipates expert testimony in (1) trademark infringement and likelihood of confusion and counterfeiting and brand impact/consumer perception as a result of counterfeiting and (2) damages.

Defendant does not anticipate the use of an expert witness except as may be needed for rebuttal.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

Each party shall be limited to one retained expert per distinct subject matter, but such expert may offer multiple opinions.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 15, 2026.**

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 15, 2026.**

**e. Identification of Persons to Be Deposed:**

| ***Name of Deponent*** | ***Expected Length of Deposition*** |
|---|---|
| Plaintiff | TBD |
| Plaintiff's Investigator | 7 hours |
| Chris Folkerts | 7 hours |
| Defendant Rocky Mountain Ecigs | 7 hours |
| Defendant Keith Pettersen | 7 hours |
| Defendant Myxed Up Creations I, LLC | 7 hours |
| Defendant Hollie Kellogg | 7 hours |
| Defendant Alphastar Vapes LTD | 7 hours |
| Defendant Jimmy Vargas | 7 hours |
| Defendant Green Piece LLC | 7 hours |
| Defendant Ethan J. Rappenecker | 7 hours |
| Store Managers and/or Employees for Defendants | TBD |

## 10. DATES FOR FURTHER CONFERENCES

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None at this time.

**b. Anticipated length of trial and whether trial is to the court or jury.**

The Parties anticipate a 5-day jury trial.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-**

**2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

Parties do not anticipate the use of these facilities.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this 6 day of March, 2026.

BY THE COURT:



Regina M. Rodriguez
United States Judge